## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COLLEEN F. CLAY,
                    Appellant,

            v.

CORPORATION FOR NATIONAL
    AND COMMUNITY SERVICE,
                    Agency.

DOCKET NUMBER
DC-0351-14-0254-I-2

DATE: December 21, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Johnathan P. Lloyd, Esquire, Washington, D.C., for the appellant.

Angela R. Williams, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed its action separating the appellant by reduction in force (RIF). For the reasons discussed below, we GRANT the agency's petition for review and REVERSE the initial decision. The appellant's separation is SUSTAINED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2        Effective June 28, 2010, the agency demoted the appellant under 5 U.S.C. chapter 75, from her position as Director, Office of Emergency Management (OEM), NY-04, to the position of Assistant Director of Projects and Partnerships, AmeriCorps National Civilian Community Corps (NCCC), NY-03, citing organizational changes which occurred when OEM's functions were integrated into NCCC and the appellant's position was abolished.  On her appeal of that action, the administrative judge found that the agency had failed to show that the action would promote the efficiency of the service or that it was a permissible exercise of management discretion within tolerable limits of reasonableness, and that only by conducting a RIF could the deciding official legally avoid such considerations. *Clay v. Corporation for National and Community Service*, MSPB Docket No. DC-0752-13-0414-I-1, Initial Decision at 3-6 (July 10, 2013). Accordingly, the administrative judge reversed the agency's action.[2] *Id.* at 1, 7. That decision became a final decision of the Board on August 14, 2013, when neither party field a petition for review.  On September 3, 2013, the agency notified the appellant that it had complied with the initial decision by canceling her demotion and retroactively restoring her to her former position, even though neither it nor OEM existed at that time.  On September 6, 2013, the agency issued the appellant a specific notice of RIF explaining that the position to which she had been reinstated was being eliminated and that, because she had less service than the only other individual in her competitive level, the appellant would be separated, effective November 16, 2013. *Clay v. Corporation for National and Community Service*, MSPB Docket No. DC-0351-14-0254-I-1, Initial Appeal File (IAF), Tab 3 at 59.

---

[2] The administrative judge found that the appellant failed to establish her affirmative defense of retaliation for protected equal employment opportunity activity. *Clay*, MSPB Docket No. DC-0752-13-0414-I-1, Initial Decision at 5-7.

¶3    On September 27, 2013, the appellant filed a petition for enforcement arguing, inter alia, that the agency was not in compliance with the Board's decision because it had not in fact canceled the demotion action but rather had simply realigned her position and notified her that she would be separated by RIF. While the enforcement matter was pending, the appellant filed an appeal of the RIF action, IAF, Tab 1, which the administrative judge dismissed without prejudice pending final Board resolution of the appellant's compliance appeal. *Clay v. Corporation for National and Community Service*, MSPB Docket No. D-0351-14-0254-I-1, Initial Decision at 2 (Apr. 15, 2014). The administrative judge subsequently denied the appellant's petition for enforcement, finding that the agency provided documentary proof that it had canceled the action and retroactively restored her to her former position as ordered by the Board, *Clay v. Corporation for National and Community Service*, MSPB Docket No. DC-0752-13-0414-C-1, Compliance Initial Decision at 1, 4, 6 (Jan. 23, 2014), and the Board denied the appellant's petition for review of that decision, *Clay v. Corporation for National and Community Service*, MSPB Docket No. DC-0752-13-0414-C-1, Final Order at 2-6 (Aug. 8, 2014).

¶4    In her refiled RIF appeal, the appellant alleged that the agency failed to comply with the RIF regulations regarding the proper composition of her competitive level. Refiled Appeal File (RAF), Tab 11 at 4. She also claimed that the RIF was retaliatory based on her having filed the earlier Board appeal in which she raised an allegation of discrimination, *id.* at 5, and arguing that, for that reason, the RIF was personal to her, *id.* at 5-6.

¶5    Following the requested hearing, the administrative judge issued an initial decision in which she first found that the agency undertook the RIF for a legitimate reason; specifically, reorganizing the Immediate Office of the Chief Executive Officer (CEO) and eliminating the duplication of function that resulted from the appellant's having been reinstated into that office where another

employee was performing similar duties.[3]  RAF, Tab 22, Initial Decision (ID) at 3‑4.  The administrative judge then considered the procedural RIF requirements set forth at 5 C.F.R. part 351, specifically addressing the agency's establishment of the competitive area in this case, the Immediate Office of the CEO.  The administrative judge found that the agency admitted that it did not define the competitive area solely in terms of the agency's organizational units and geographical location, as required by 5 C.F.R. § 351.402(b), but rather on the basis of where a particular occupation was performed, which is prohibited.  ID at 6-8.  The administrative judge further found that the agency failed to comply with 5 C.F.R. § 351.402(c) because it established the competitive area within 90 days of the effective date of the RIF without obtaining prior permission from the Office of Personnel Management (OPM).  The administrative judge found that the agency's improper constitution of the competitive area would require reversal of the RIF action unless the agency showed by preponderant evidence that the appellant still would have been separated, had the RIF been properly conducted, ID at 8, but that, although the agency was on notice that the propriety of the competitive area was being challenged, it presented no argument or alternative scenario based upon the premise that the competitive area was found to be improperly defined, and she therefore reversed the action,[4] ID at 8-9.

---

[3] The appellant has not filed a petition for review challenging the administrative judge's finding that the agency established that it undertook the RIF for a legitimate reason, and we discern no basis upon which to disturb that finding.

[4] Citing to *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), the administrative judge found that the appellant failed to prove her claim that the RIF was personal to her based on her assertion that, in taking the action, the agency retaliated against her for raising discrimination allegations in her prior Board appeal.  ID at 9-13.  The appellant has not filed a petition for review challenging this finding.  Acknowledging that the Board has recently clarified how it analyzes such claims, *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), we nevertheless discern no basis upon which to disturb the administrative judge's ultimate finding that the appellant failed to establish her claim.

¶6  The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1,[5] to which the appellant has responded, PFR File, Tab 8, and the agency has submitted a reply, PFR File, Tab 9.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7  On review, the agency argues that the administrative judge erred in finding that it failed to show that it properly constituted the competitive area in the RIF and that, even if the competitive area was not properly constituted, the appellant's rights were not affected.  PFR File, Tab 1 at 8-15, 18-20.

¶8  OPM's regulations provide that, in conducting a RIF, an agency must delineate one or more competitive area(s) in which employees compete for retention, 5 C.F.R. § 351.402(a), that a competitive area must be defined solely in terms of the agency's organizational unit(s) and geographical location, and that the minimum competitive area is a subdivision of the agency under separate administration within the local commuting area.  5 C.F.R. § 351.402(b).  The agency bears the burden of proving by preponderant evidence that it properly determined the appellant's competitive area.  5 C.F.R. § 1201.56(b)(ii).

¶9  In finding that the agency failed to meet its burden of proof regarding the designation of the appellant's competitive area as the Immediate Office of the CEO, the administrative judge relied on the testimony of the Director, Personnel Operations, the individual assigned to conduct the RIF.  She testified that she chose the competitive area because "that was the area where there was duplication of function" and it was "the only area where there was any disaster work being performed."  Hearing Transcript (HT) at 123; ID at 7-8.  Based on that testimony, and the testimony of the Director's supervisor, the administrative judge found that the agency improperly considered "occupation" in designating the

---

[5] With its petition for review, the agency submitted evidence that it had complied with the administrative judge's interim relief order.  PFR File, Tab 1 at 22.

competitive area, and that such consideration is contrary to OPM's guidance. ID at 7.

¶10    The agency alleges on review that, in finding that it improperly designated the competitive area, the administrative judge misinterpreted OPM's regulation by misconstruing the testimony of the two agency witnesses and OPM's guidance. PFR File, Tab 1 at 8-11.

¶11    In reviewing the Director's testimony regarding the designation of the competitive area in this case, we find that she correctly stated that a competitive area is the organizational component in which employees compete in a RIF.[6]  HT at 123; 5 C.F.R. § 351.402(b).  Moreover, we find that her explanation that she selected the Immediate Office of the CEO as an appropriate competitive area because it was a distinct organizational unit with its own personnel authority, its own function, specifically, disaster service work, and its own work processes, comports with the RIF regulations.  We have considered the OPM Workforce Reshaping Operations Handbook (OPM Handbook)[7] which, as the administrative judge acknowledged, lacks the authority of a regulation, and its statement that "[a]n agency may not define a competitive area on the basis of other considerations [besides organizational unit(s) and geographical location(s)] such as bargaining unit membership, grade, occupation, etc.," OPM Handbook at 3; ID at 5 & n.2, but we find, based on the testimonial evidence, that the agency did not define the competitive area in this case on the basis of the appellant's occupation, but rather on appropriate considerations of organizational unit and geographical

---

[6] To the extent the Director failed to specifically include "geographical location" in her definition of and explanation for designating the Immediate Office of the CEO as the competitive area, we find that her supervisor clearly testified to the inclusion of that factor in defining the competitive area, and that he further testified that, when the Director presented him with her competitive area determination, he agreed with it.  HT at 81, 83.

[7]    *Available    at    http://www.opm.gov/policy-data-oversight/workforce-restructuring/reductions-in-force/workforce_reshaping.pdf* (last visited December 19, 2016).

location, consistent with the RIF regulations.  We further find, therefore, that the administrative judge erred in finding that the agency incorrectly determined the competitive area in this case.[8]

¶12     Based on her finding regarding the competitive area, the administrative judge did not address the appellant's additional argument that her competitive level was improperly constituted.  ID at 9.  Because the record is complete, we examine that issue now.

¶13     OPM's regulations provide that agencies shall establish competitive levels consisting of all positions in a competitive area which are in the same grade (or occupational level) and classification series, and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption.  5 C.F.R. § 351.403(a)(1).

¶14     The agency determined that competitive level 0049 consisted of two positions, the appellant's position of Director, OEM, NY-04, and the position of Senior Advisor for Disaster Services, NX-01.  IAF, Tab 3 at 42.  The Director, Personnel Operations, testified that she examined the position descriptions of the two positions and found that they were interchangeable in that they both involved disaster service and emergency management work, were both in the same pay band, and were both supervisory.  IAF, Tab 5 at 24, 28; HT at 124-25.  The Director's supervisor testified that he agreed with that assessment.  HT at 83-84.

¶15     Before the administrative judge, the appellant argued that the agency violated 5 C.F.R. § 351.403(a)(5) and the OPM Handbook by including the

---

[8] The administrative judge found that it appeared that the agency failed to comply with the procedural requirements of the RIF regulations because, contrary to 5 C.F.R. § 351.402(c) and OPM guidance, OPM Handbook at 32, it established the competitive area within 90 days of the effective date of the RIF without obtaining OPM approval.  ID at 8.  Even if true, the timing provides no basis for reversing the agency's action because there is no showing that the appellant would not have been separated if the competitive area had been established several days earlier. *Foster v. Tennessee Valley Authority*, 87 M.S.P.R. 48, 52 (2000).

NX-01 position in her competitive level because the positions were in fact in different pay bands. RAF, Tab 11 at 4, Tab 14 at 16 (OPM Handbook at 34). The Director, Personnel Operations, testified that an NX-01 typically is a supervisor or a manager responsible for a broad program with national impact, whereas a NY-04 is typically an expert, but also a supervisor, responsible for programs that may or may not be at the national level. HT at 137-38. She verified, however, that both positions are in the same pay band. *Id.* at 136. Additionally, the operative document explaining the agency's Alternative Personnel System[9] provides that there are five bands and that NY-04 and NX-01 comprise a single pay band, IAF, Tab 6 at 16, and the testimony of the supervisor of the Director, Personnel Operations, was in accord, HT at 66. Based on our review of the evidence, the agency has shown that it properly included the Senior Advisor for Disaster Services position in the appellant's competitive level.

¶16    The appellant also argued before the administrative judge that the agency improperly excluded from her competitive level the position of Senior Advisor for Partnerships and Advancement, NY-04. The appellant argued that the position was interchangeable with her own and was in the same competitive area, and that, if it had been in her competitive level, she would not have been separated based on her earlier service computation date.[10] RAF, Tab 11. The Director, Personnel Operations, testified that she reviewed both position descriptions, IAF, Tab 20 at 18, Tab 5 at 24, but found that the Senior Advisor for Partnerships and Advancement position focused on broad agency initiatives and was nonsupervisory, whereas the appellant's position focused on disaster services or emergency management type of work and was supervisory. HT at 126-27.

---

[9] The agency has statutory authority for maintaining its own excepted-service personnel system with pay bands. 42 U.S.C. § 12651f(b).

[10] According to the retention register, both employees are in group I, subgroup B. The appellant's adjusted service computation date is July 14, 1987, whereas the adjusted service computation date of the incumbent of the Senior Advisor for Partnerships and Advancement position is September 27, 1994. IAF, Tab 3 at 42-43, Tab 21 at 6.

¶17    Citing the OPM Handbook, the appellant argued that the RIF regulations no longer specifically require that an agency must establish a separate competitive level solely because an employee holds a supervisory rather than a nonsupervisory position.    RAF, Tab 14 at 17.    While true, the Handbook, although lacking the authority of a regulation, further provides that the duties and responsibilities of a supervisory position will generally preclude placement of the position in a competitive level that includes a nonsupervisory position.    *Id.*    In any event, we have reviewed the two position descriptions and find that they reveal significant differences.    The appellant's position description focuses on disaster preparedness, relief, and other services, and states that the incumbent exercises independent discretion and judgment in completing management requirements.    IAF, Tab 5 at 24.    The incumbent of the Senior Advisor for Partnerships and Advancement position is responsible for the formation of national strategies, policies, and initiatives to grow national service through cross-sector partnerships, and while that individual is responsible for independently planning, conducting and coordinating work, and for having substantial and continuing responsibility for ensuring program accomplishments, the position description does not provide for independent discretion.    IAF, Tab 20 at 18.    In addition, the "competencies" for the two positions reflect substantial differences.    *Compare* IAF, Tab 5 at 24, *with* IAF, Tab 20 at 18.    We find, therefore, that the agency showed that the distinguishing features between the two positions suffice to find that they are not similar enough in duties so that the incumbent of one position could be reassigned to the other without undue interruption, and that therefore they are properly placed in separate competitive levels. *McKenna v. Department of the Navy*, 105 M.S.P.R. 373, ¶ 4 (2007).

¶18    In sum, because the other individual in the appellant's competitive level had an earlier service computation date, the appellant was properly released when her position was abolished due to a reorganization.    Further, because she had no assignment rights given that all agency positions are in the excepted service,

5 C.F.R. § 351.701(a), she was properly separated. We therefore find that the agency has shown by preponderant evidence that it complied with the procedural requirements set forth in the RIF regulations in effecting this action.

## ORDER

¶19    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.